Jonah A. Grossbardt (State Bar No. 283584)
**SRIPLAW**
1801 Century Park East
Suite 1100
Los Angeles, CA 90067
323.364.6565 – Telephone
561.404.4353 – Facsimile
jonah.grossbardt@sriplaw.com

Attorneys for Plaintiff
THE HOME BIRD LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE HOME BIRD LLC, | Case No.: 2:20-cv-02138 |
| Plaintiff, | **COMPLAINT FOR COPYRIGHT INFRINGEMENT** |
| v. | **Demand for Jury Trial** |
| AVENUE REAL ESTATE SANTA MONICA, INC. dba ENGEL & VOLKERS SANTA MONICA, GREGORY CIPES, STACI J. SIEGEL, and RIPSIME BARSAMIAN, | |
| Defendants. | |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**
(INJUNCTIVE RELIEF DEMANDED)

Plaintiff THE HOME BIRD LLC by and through its undersigned counsel, brings this Complaint against Defendant AVENUE REAL ESTATE SANTA

1

1 MONICA, INC. dba ENGEL & VOLKERS SANTA MONICA, GREGORY CIPES,

2 STACI J. SIEGEL, and RIPSIME BARSAMIAN for damages and injunctive relief,

3 and in support thereof states as follows:

## SUMMARY OF THE ACTION

5     1.    Plaintiff THE HOME BIRD LLC ("THB") brings this action for

6 violations of exclusive rights under the Copyright Act, 17 U.S.C. § 106, to copy and

7 distribute THB original copyrighted Work of authorship in its Work. THB's licenses

8 its copyrighted Works, such as the one in this case, to real estate associates and

9 brokerages for use in connection with promoting real estate listings.

10     2.    THB was founded in 2017. The founder, president and principal of THB

11 is Peter Kazimierski ("Kazimierski"). Kazimierski is a professional photographer and

12 videographer. A substantial portion of THB's photography business derives from

13 working with real estate agents and brokers in the greater Los Angeles real estate

14 market. THB has expertise in photographing properties in cooperation with these real

15 estate professionals for the marketing and sale of real estate properties.

16     3.    Defendant AVENUE REAL ESTATE SANTA MONICA, INC. dba

17 ENGEL & VOLKERS SANTA MONICA ("EVSM") is a licensed real estate

18 corporation and broker.

19     4.    Defendant STACI J. SIEGEL ("Siegel") is a real estate associate licensed

20 in the state of California, who is an employee under the brokerage of EVSM.

21

SRIPLAW
LOS ANGELES, CALIFORNIA

5. Defendant RIPSIME BARSAMIAN ("Barsamian") is a real estate associate licensed in the state of California, who is an employee under the brokerage of EVSM.

6. Defendant GREGORY CIPES ("Cipes"), upon information and belief, is the individual owner of the real property located at 8409 Lookout Mountain Ave, Los Angeles, CA 90046 (the "Subject Property") and resident of 1101 Ocean Front Walk #3, Venice, CA 90291.

7. EVSM, Siegel, Barsamian, and Cipes are collectively referred to herein as ("Defendants").

8. Defendants copied THB's copyrighted Work from the internet or prior real estate listings without THB's permission.

9. Defendants distributed THB's copyrighted Work without THB's permission, such as through real estate listings on multiple listing services. Defendants committed the violations alleged by copying and distributing THB's copyrighted Work in connection with Defendants' real estate listing posted on one or more multiple listing services for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses.

10. Defendant EVSM, the broker for Siegel and Barsamian, appears as listing broker on the real estate listing where Siegel and Barsamian committed the violations of THB's exclusive rights under the copyright act.

12. THB's Work is protected by copyright but is not otherwise confidential, proprietary, or trade secrets.

## JURISDICTION AND VENUE

13. This is an action arising under the Copyright Act, 17 U.S.C. § 501.

14. This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

15. Defendants are subject to personal jurisdiction in California.

16. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, Defendants engaged in infringement in this district, Defendants reside in this district, and Defendants are subject to personal jurisdiction in this district.

## DEFENDANTS

17. Avenue Real Estate Santa Monica, Inc. dba Engel & Volkers Santa Monica is a California Corporation with its principal place of business at 1123 Montana Avenue, Santa Monica, California, 90401, and can be served by serving its Registered Agent, Mr. Dennis Duban, 4250 Wilshire Boulevard, Los Angeles, California, 90010.

18. Staci J. Siegel is a California licensed real estate sales associate, License Number 01711008, who resides in Los Angeles County, California, and can be served at 2411 3rd Street, Unit F, Santa Monica, California, 90405.

19. Ripsime Barsamian is a California licensed real estate sales associate, License Number 01991753, who resides in Los Angeles County, California, and can be served at 1218 14th Street, Apartment 5, Santa Monica, California, 90404.

20. Gregory Cipes is a an individual who resides in Los Angeles County, California, and can be served at 1101 Ocean Front Walk, Venice, California 90291.

**THE COPYRIGHTED WORKS AT ISSUE**

22. In 2019, THB created the group of photographs entitled "TheHomeBird_Lookout" one of which is shown below and referred to herein as the "Works". The photos at issue are attached as Exhibit 1.



23. THB registered the Works with the Register of Copyrights on August 21, 2019 and was assigned the registration number VA 2-169-279. The Certificate of Registration is attached hereto as Exhibit 2.

24. THB's Works are protected by copyright but are not otherwise confidential, proprietary, or trade secrets.

25. At all relevant times THB was the owner of the copyrighted Works at issue in this case.

**INFRINGEMENT BY DEFENDANTS**

26. The Defendants have never been licensed to use the Works at issue in this action for any purpose.

27. On or about July 8, 2019, Tami Gendel ("Gendel") contacted THB to commission photography and related products (by way of example, not limitation, Matterport™ 3D scanned images) for an upcoming property she would soon be listing for sale, with the understanding that the resulting images would be used by Gendel to market the property for sale and for Gendel's company's self-promotion thereafter, by way of a non-exclusive, non-transferrable image usage license to be issued pursuant to THB's express terms and conditions.

28. On or about July 10, 2019, THB emailed an invoice for the scheduled services and products to its client Gendel, with included service terms and conditions. Gendel paid THB's invoice in full with separate checks on or before July 15, 2019.

29. The creation of the property images was the result of Kazimierski's visits to the property. Kazimierski edited the captured images and other media. Beginning on July 12, 2019, THB delivered approximately 101 individual works to Gendel. Approximately 70 individual images were eventually approved by Gendel for further publication and use (the "Property Images"). Gendel promptly acknowledged receipt of all the media produced and indicated she was pleased with the completed work product that would be used to promote and sell the Subject Property.

30. On or about July 21, 2019, Kazimierski received an email from real estate agent Siegel, a third-party unknown to Kazimierski nor contracted with THB, who claimed to be a listing agent of the property. Operating in good faith based on Siegel's representations that she was authorized to act as a listing agent for the property alongside Gendel, or otherwise assisting Gendel in an administrative capacity to facilitate Gendel's contractually permitted use of the Property Images, Kazimierski provided links to alternative formats of individual images included within the Property Images in an attempt to be more compatible with Siegel's software. Siegel remained dissatisfied. Kazimierski advised that further manipulation to the images would be outside the agreed scope of work in the contract with Gendel, and advised Siegel that as she was not contracted as a client, nor had her name been mentioned to THB before, THB would therefore be unable to assist any further. Siegel responded that she was dissatisfied and threatened to announce to her clients and real estate industry professionals that they should not work with Kazimierski and THB.

31.     On or about July 30, 2019, THB received an email message from Cipes advising that he was the owner of the Subject Property.  Cipes requested that THB remove Gendel's access to the Property Images and all associated platforms, such as the website for the Subject Property produced by THB for Gendel's use in marketing the property.  THB notified Gendel of this request by email and phone.  Gendel advised THB that Cipes had indicated he would not pay for Gendel's services and that a new real estate agent had taken over the real estate listing.  Gendel at that time instructed THB to remove Siegel from any access she might have to the Property Images that Gendel had commissioned and paid for.

32.     On or about July 24, 2019, Defendants EV, Siegel, and Barsamian published a listing in the Multiple Listing Service featuring approximately 31 (thirty-one) individual images of the Property Images with neither authorization nor license to do so.  Pursuant to MLS syndication agreements, these approximately 31 images of the Property Images were further disseminated to local, national, and international real estate websites, including for examples, Redfin.com, Zillow.com, and various broker and agent websites authorized via Multiple Listing Service IDX data feed.  Siegal used an additional two images on her social media accounts.  Defendants also further disseminated the images on multiple social media accounts on multiple platforms.

33.     On a date after the Works at issue in this action were created, but prior to the filing of this action, Defendants copied, displayed, or distributed the Works or made derivative works from the Works.

34. After Defendants copied the Works, they made further copies and distributed the Works on, inter alia, one or more multiple listing services or the internet to promote the sale of the property depicted in the Works or similar properties as part of their professional real estate businesses.

35. Defendants copied and distributed THB's copyrighted Works in connection with their real estate listing posted on one or more multiple listing services or the internet for purposes of advertising and promoting public real estate listings in the course and scope of Defendants' professional real estate businesses, and in the course and scope of rendering professional real estate services as associates and brokers.

36. Defendants committed copyright infringement of the Works as evidenced by the documents attached hereto as Exhibit 3.

37. THB never gave the Defendants permission or authority to copy, distribute or display the Works at issue in this case, or create derivative works or the Works.

38. THB notified the Defendants of the allegations set forth herein on August 5, 2019. To date, the parties have failed to resolve this matter.

39. On or about August 9, 2019, Defendant Cipes published a separate website in connection with the offering for sale of the Subject Property identified by the domain www.8409lookout.com displaying approximately 62 (sixty-two) of the Property Images, along with Siegel's contact information, without authorization or

Case 2:20-cv-02138-DDP-SK Document 1 Filed 03/05/20 Page 10 of 12 Page ID #:10

license from THB. A copy of the website created by Cipes is attached hereto as Exhibit 4.

## COUNT I
## COPYRIGHT INFRINGEMENT BY SIEGEL, BARSAMIAN, AND CIPES

40. THB incorporates the allegations of paragraphs 1 through 39 of this Complaint as if more fully set forth herein.

41. THB owns a valid copyright in the Works at issue in this case.

42. THB registered the Works at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

43. Siegel Barsamian, and Cipes copied, displayed, and distributed the Work at issue in this case and made derivatives of the Works without THB's authorization in violation of 17 U.S.C. § 501.

44. Siegel, Barsamian and Cipes performed the acts alleged in the course and scope of their business activities.

45. Siegel, Barsamian and Cipes' acts were willful.

46. THB has been damaged.

47. The harm caused to THB has been irreparable.

## COUNT II
## VICARIOUS COPYRIGHT INFRINGEMENT BY EVSM

48. THB incorporates the allegations of paragraphs 1 through 39 of this Complaint as if more fully set forth herein.

49. THB owns a valid copyright in the Work at issue in this case.

10

COMPLAINT FOR COPYRIGHT INFRINGEMENT
CASE NO.: 2:20-CV-02138

50. THB registered the Work at issue in this case with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

51. EVSM copied, displayed and distributed the Work at issue in this case and made derivatives of the Work without THB's authorization in violation of 17 U.S.C. § 501.

52. EVSM had the right and ability to supervise the infringing activities of Siegel and Barsamian alleged herein.

53. EVSM had a direct financial interest in the infringing activities alleged herein.

54. As a result of EVSM's vicarious infringement as alleged above, EVSM obtained direct and indirect profits it would otherwise not have realized but for its infringement of the Work.

55. EVSM has continued to copy, display, and distribute the Work at issue with knowledge that such acts violate THB's intellectual property rights.

WHEREFORE, the Plaintiff prays or judgment against the Defendants Avenue Real Estate Santa Monica, Inc. dba Engel & Volkers Santa Monica, Gregory Cipes, Staci J. Siegel, and Ripsime Barsamian that:

a. Defendants and their officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. § 501;

b.      Defendants be required to pay Plaintiff its actual damages and Defendants profits attributable to the infringement, or, at Plaintiff's election, statutory damages, as provided in 17 U.S.C. § 504;

c.      Plaintiff be awarded its attorneys' fees and costs of suit under the applicable statutes sued upon; and

d.      Plaintiff be awarded such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

DATED:  March 5, 2020              Respectfully submitted,

*/s/ Jonah A. Grossbardt*
JONAH A. GROSSBARDT
**SRIPLAW**
Attorneys for Plaintiff The Home Bird LLC